USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
THE HON. THOMAS A. CELLUCCI, PHD, :
MBA; STEPHEN GOODMAN, MBA, ESQ.; :
DAVID D. SINGER; MARK A. BANASH, PHD, :
MBA; AND ROBERT ALLAN CAMPBELL, :
MBA, EACH ONE INDIVIDUALLY AND :
DERIVATIVELY ON BEHALF OF :
DARKPULSE, INC., :
                                                                :
                                        Plaintiffs,    :    19-CV-2752 (VEC)
                                                                :
                   -against-                            :    ORDER
                                                                :
                                                                :
DENNIS MICHAEL O'LEARY, :
INDIVIDUALLY AND AS OFFICER AND :
DIRECTOR OF DARKPULSE, INC.; :
DARKPULSE, INC.; STEPHEN M. FLEMING, :
ESQ.; FLEMING, PLLC; EVAN J. COSTALDO, :
ESQ.; AND COSTALDO LAW GROUP, P.C., :
                                                                :
                                        Defendants. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on October 11, 2019, Defendants Stephen M. Fleming and Fleming PLLC informed the Court that they had reached a settlement in principle with Plaintiffs, Dkt. 84;

   WHEREAS on November 5, 2019, Defendants Evan Costaldo and Costaldo Law Group, P.C. informed the Court that they too had reached a settlement in principle with Plaintiffs, Dkt. 87;

   WHEREAS Rule 23.1(c) of the Federal Rules of Civil Procedure requires that the Court approve any settlement of derivative claims and that notice of the proposed settlement be given to shareholders in a manner approved by the Court;

   WHEREAS on March 11, 2020, the Court reminded the parties that derivative actions cannot be voluntarily dismissed without providing notice of the settlement to non-party shareholders, Dkt. 98;

WHEREAS in the same endorsement, the Court instructed the parties to file copies of their settlement agreements with the Court and to submit a joint letter including proposed language for shareholder notice, a proposed method of notice, and an explanation why the settlements are reasonable, Dkt. 98;

WHEREAS on May 15, 2020, the settling Defendants responded to the Court's Order, but did not attach copies of the settlement agreements, noting that the confidentiality of the settlements was a material term of both agreements, Dkt. 106;

WHEREAS the settling Defendants represented that the settlements "were *de minimus*" and that the full amount would be paid to Plaintiffs' counsel to offset some of counsel's incurred fees and costs, Dkt. 106;

WHEREAS the settling Defendants did not include a proposed method for obtaining contact information for DarkPulse, Inc.'s shareholders,[1] Dkt. 106;

WHEREAS the parties provided draft language for shareholder notice to be mailed to shareholders upon approval by the Court but then also proposed mailing notice of a conference call during which information about the settlement would be disclosed via a pre-recorded and Court approved message,[2] Dkt. 106;

WHEREAS on January 25, 2021, the Court dismissed the case against Defendant Dennis O'Leary and Defendant DarkPulse, Inc., holding that the Court lacks subject-matter jurisdiction over this action and that Plaintiffs have failed to state a claim, Dkt. 120; and

---

[1] In fact, the parties provide no information at all about the shareholders of DarkPulse, Inc. including how many there are. The Court notes that in their complaint, Plaintiffs alleged on information and belief that there are more than 920 shareholders. *See* Second Amended Complaint, Dkt. 109 ¶ 32.

[2] Notably, the proposed notice does not include any information about such a conference call. It is unclear to the Court whether the parties are proposing to add information about a conference call to the filed notice or if they are proposing to substitute the filed notice with a shorter message that would provide information about the conference call. Either way, the Court has concerns with either form of notice.

WHEREAS given that the Court lacks subject-matter jurisdiction over this action, the Court likely does not have subject-matter jurisdiction to consider and eventually approve the proposed settlements pursuant to Fed. R. Civ. P. 23.1(c);

IT IS HEREBY ORDERED that by no later than **Friday, February 5, 2021**, the parties must file a joint letter outlining their proposed next steps given the Court's recent jurisdictional decision.

**SO ORDERED.**

Date:  January 25, 2021
       New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**